UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 29, AFL-CIO,<br><br>Defendant. | Case No. 22-cv-05112-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Plaintiffs Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and the Permanente Medical Group, Inc. ("Kaiser") brought this action against Defendant Office & Professional Employees International Union, Local 29 ("Local 29"), alleging that Local 29 breached a collective bargaining agreement by engaging in a sympathy strike. Dkt. No. 1 ("Compl."). Local 29 moves to dismiss Kaiser's claims, and Kaiser opposes. *See* Dkt. No. 13 ("Mot."); Dkt. No. 17 ("Opp."). The Court **DENIES** Local 29's motion to dismiss.[1]

**I.   BACKGROUND**

As alleged in the complaint, Kaiser filed this case in response to a sympathy strike Local 29, a labor union, engaged in on November 18, 2021. Compl. ¶ 4. Kaiser is the employer under the parties' collective bargaining agreement, Dkt. No. 1, Ex. 1 ("CBA"). Compl. ¶ 2. The complaint seeks specific performance of the CBA, and seeks to compel arbitration of the parties' dispute. *Id.* ¶¶ 1-3.

The CBA provides the following relevant work stoppage clause and dispute resolution

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

procedures:

- The Employer and the Union realize that a hospital is different in its operation from industries because of its services rendered to the community and for humanitarian reasons, and agree that there shall be no lockouts on the part of the Employer, nor suspension of work on the part of the employees, it being one of the purposes of this Agreement to guarantee that there will be no strikes, lockouts or work stoppages, and that all disputes will be settled by the procedure hereinafter provided.  CBA ¶ 192.
- The first step of the grievance procedure shall be the discussion with the employee's immediate supervisor. . . . The immediate supervisor must give the aggrieved employee and/or the Union representative, as the case may be, an answer within seven (7) calendar days after such discussion. CBA ¶¶ 197, 199.
- A grievance appealed to the second step of the grievance procedure shall be discussed by the employee, Shop Steward or Business Agent and the Personnel Director or designee and must be answered in writing within nine (9) calendar days following the Step Two meeting.  CBA ¶ 200.
- If satisfactory adjustment is not made at Step Three of the grievance procedure, the Union may appeal the grievance to Step Four of the grievance procedure within seven (7) calendar days following the Employer's third step response.  CBA ¶ 201.

In November 2021, Local 29 notified Kaiser of "its intent to join a sympathy strike in support of a primary strike of another union, Local 39 Operating Engineers, starting on or about November 18, 2021."  Compl. ¶ 24.  Kaiser submitted a grievance (the "Grievance") to Local 29 contesting its notice of intent to engage in a sympathy strike.  Compl. ¶ 26.  When Local 29 didn't respond, Kaiser elevated its Grievance to step two of the grievance procedure.  Compl. ¶ 27. Local 29 responded that Kaiser failed to timely process the Grievance, resulting in its waiver. Compl. ¶ 28.  Subsequently, Kaiser escalated the Grievance to step three of the grievance

procedure, and sought arbitration. Local 29 refused arbitration, contending the Grievance was untimely. Compl. ¶¶ 28-30.

The Complaint asserts claims for specific performance, arbitration of the Grievance, and breach of contract. *See generally id.* at ¶¶ 37-54.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III. DISCUSSION

Local 29 argues that the issues presented are not substantively or procedurally arbitrable, and that the Complaint fails to adequately allege facts supporting a breach of the CBA. *See* Mot. at 9. Kaiser responds that the dispute must be sent to arbitration under the CBA, with procedural questions to be decided by the arbitrator, and contends that the Court may not determine the merits of the alleged contract breach at the motion to dismiss stage. *See* Opp. at 1. Because the Court finds that the Grievance must be arbitrated, the Court denies Local 29's motion to dismiss and will

3

refer the dispute to arbitration, with any procedural disputes to be decided by the arbitrator.

### A. The Grievance Must Be Resolved in Arbitration

#### i. The Court Decides the Substantive Arbitrability of the Grievance

"Courts refer the question of arbitrability to the arbitrator only if the parties leave no doubt that such was their intent." *LAWI/CSA Consolidators, Inc. v. Wholesale & Retail Food Distribution, Teamsters Local 63*, 849 F.2d 1236, 1239 (9th Cir. 1988) (quoting *Bhd. of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distrib. Co.*, 832 F.2d 507, 510 (9th Cir. 1987)) (internal quotation marks and brackets omitted). "[U]nlike the arbitrability of claims in general, whether the court or the arbitrator decides arbitrability is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotation marks and emphasis omitted). "Clear and unmistakable evidence of an agreement to arbitrate arbitrability 'might include a course of conduct demonstrating assent or an express agreement to do so.'" *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (quoting *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011)) (internal ellipses omitted).

There appears to be no dispute that the arbitration agreement in this case is silent as to the arbitrator's authority to determine arbitrability. Accordingly, the Court decides whether Kaiser's Grievance is substantively arbitrable.

#### ii. Kaiser Has A Right To Arbitrate The Grievance

"Arbitration is to be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *See Haig Berberian, Inc. v. Cannery Warehousemen,* 535 F.2d 496, 499 (9th Cir. 1976) (citation and quotations omitted). In labor contracts with arbitration clauses, the presumption of arbitrability is very strong, and any doubt should be resolved in favor of coverage. *Standard Concrete Prod. Inc. v. Gen. Truck Drivers, Off., Food & Warehouse Union, Loc. 952*, 353 F.3d 668, 674 (9th Cir. 2003). The Ninth Circuit has held that "[i]n construing a CBA, we apply federal common law principles of contract interpretation, which take into account the policies underlying our national labor laws," beginning by reviewing the express written terms "in the context of the entire

4

1    agreement's language, structure, and stated purpose." *Alday v. Raytheon Co.*, 693 F.3d 772, 782

2    (9th Cir. 2012) (citation and quotations omitted).

3          Local 29 argues that Kaiser may not initiate a grievance under the CBA, because "[o]nly

4    an employee represented by Local 29 can initiate the grievance procedure, and only Local 29 can

5    appeal a grievance to arbitration." Mot. at 11. Kaiser responds that the CBA contains "broad

6    language" that procedurally directs "all disputes" regarding work stoppages to arbitration. Opp. at

7    3-5. The Court agrees with Kaiser that the Grievance must be arbitrated.

8          The Court finds that the CBA is ambiguous as to whether Kaiser may submit a matter to

9    arbitration, and that this ambiguity weighs in favor of arbitration. As an initial matter, the CBA

10   provides that "*all disputes*" pertaining to work stoppages "will be settled by the procedure

11   hereinafter provided," suggesting that either party may submit such disputes to arbitration. CBA ¶

12   192 (emphasis added). But at step one and two, the CBA refers only to employees, rather than

13   Kaiser. CBA ¶¶ 197, 199. And at step three, the CBA provides that "the Union may appeal the

14   grievance to Step Four of the grievance procedure," without referencing Kaiser. CBA ¶ 201. The

15   first clause in the "Work Stoppages" section referring "all disputes" between the parties to the

16   grievance procedure thus is at least arguably in tension with the later steps of the grievance

17   procedure that focus on grievances filed by Local 29 on behalf of employees. *See Kaiser Found.*

18   *Hosps. v. California Nurses Ass'n,* No. 11-5588 SC, 2012 WL 440634, at *3 (N.D. Cal. Feb. 10,

19   2012) (finding that "[w]hile [the CBA's] steps make more sense in the context of a grievance filed

20   by [defendant union], it is conceivable that they could be applied to a dispute filed by Kaiser").

21   Because the CBA states that "all disputes" regarding work stoppages will be determined by the

22   grievance procedure, reading "the CBA to mean that Kaiser cannot initiate arbitration proceedings

23   would leave Kaiser without a legal remedy if [defendant union] were to breach the terms of the

24   agreement." *See California Nurses Ass'n*, No. 11-5588 SC, 2012 WL 440634, at *3.

25         The Court finds the reasoning of *California Nurses Association* persuasive and holds that

26   the CBA is at least ambiguous as to who may initiate a claim under the grievance procedure. *See*

27   *Kaiser Found. Health Plan, Inc. v. Serv. Employees Int'l Union-United Healthcare Workers W.*,

28   2023 U.S. Dist. LEXIS 31216, *2 n. 1 (N.D. Cal. Feb. 24, 2023) ("*Serv. Employees*") ( finding

ambiguity where "the steps of the grievance procedure suggest that only the union can initiate the procedure," but the collective bargaining agreements "contain[ed] other language suggesting that the parties agreed to arbitrate all disputes, regardless of which side initiates them").  Because there is no "positive assurance" in the CBA that arbitration of this dispute is barred, the Court must deny Local 29's motion to dismiss, and the case must be compelled to arbitration.  *See Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. Gen. Bldg. Contractor, Inc.*, 952 F.2d 1073, 1076-1077 (9th Cir. 1991*), as amended on denial of reh'g* (Dec. 18, 1991).[2]

### B.     The Procedural Arbitrability of the Grievance Is Reserved For The Arbitrator

The Court next addresses whether the Grievance is non-arbitrable as a matter of law based on when it was filed.  The Supreme Court has held that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide."  *Howsam*, 537 U.S. at 84 (quotations and citation omitted).  While the Ninth Circuit has recognized "some support for the proposition that a court may consider a strictly procedural question as to the timeliness of a demand for arbitration in those rare instances where no factual dispute exists and resolution of the issue would preclude all need for arbitration," that is not the situation in this case.  *See Retail Delivery Drivers, Driver Salesmen, Produce Workers & Helpers Loc. 588 v. Servomation Corp.*, 717 F.2d 475, 478 (9th Cir. 1983).  Here, there are factual disputes regarding the timeliness of the Grievance and Kaiser's alleged waiver of rights.  *See* Opp. at 6 n. 3 (arguing that defendant union, not Kaiser, waived its right by failing to timely contest Kaiser's access to arbitration).  Accordingly, the procedural arguments raised by Local 29 must be decided by the arbitrator.  *See Kaiser Found. Health Plan, Inc.*, 2023 U.S. Dist. LEXIS 31216, *2.

//

//

---

[2] The Court finds this case distinguishable from *Standard Concrete*, on which Local 29 heavily relies, because there was no indication in that case that the CBA contained the key "all disputes" language.  *See Serv. Employees*, 2023 U.S. Dist. LEXIS 31216, *2 n. 1 (finding that *Standard Concrete* did not support dismissal because "[a]lthough the steps of the grievance procedure in that case contemplated that the union would initiate the procedure, there's no indication in the Ninth Circuit's opinion that the agreement contained other language requiring that all disputes be subject to arbitration").

## IV. CONCLUSION

The Court **DENIES** Local 29's motion to dismiss.  The Court further **SETS** a case management conference on October 3, 2023, at 2:00 p.m.  It appears to the Court that there is nothing left to do in this case given its finding that the dispute must be arbitrated, so the parties should be prepared to discuss the proper mechanism for promptly and efficiently sending the case to be resolved in arbitration.

All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

**IT IS SO ORDERED.**

Dated:   9/12/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge